﻿Citation Nr: AXXXXXXXX
Decision Date: 02/28/20 Archive Date: 02/28/20

DOCKET NO. 190620-10373
DATE: February 28, 2020

ORDER

Entitlement to service connection for a sinus disability is dismissed.

Entitlement to a disability rating in excess of 10 percent for cervical strain is dismissed.

Entitlement to a disability rating in excess of 10 percent for left knee lateral tibia condyle with grade II chondromalacia status post arthroscopy with limitation of motion is dismissed.

Entitlement to a disability rating in excess of 10 percent for traumatic brain injury (TBI) with dysarthria is dismissed.

Entitlement to a compensable disability rating for a scar associated with TBI is dismissed.

Entitlement to an effective date prior to September 9, 2013, for the grant of service connection for cervical strain is dismissed.

Entitlement to an effective date prior to September 9, 2013, for the assignment of a 10 percent rating for left knee lateral tibia condyle with grade II chondromalacia status post arthroscopy with limitation of motion is dismissed.

Entitlement to an effective date prior to September 9, 2013, the grant of service connection for a TBI with dysarthria is dismissed.

Entitlement to an effective date prior to September 9, 2013, for the grant of service connection for posttraumatic headaches is dismissed.

Entitlement to an effective date prior to September 9, 2013, for the grant of service connection for left upper extremity radiculopathy is dismissed.

FINDINGS OF FACT

1. In a July 2018 rating decision, the Agency of Original Jurisdiction (AOJ) denied entitlement to service connection for a sinus disability; entitlement to higher ratings for cervical strain, scar, traumatic brain injury with dysarthria; entitlement to earlier effective dates for the assignment of a 10 percent rating for left knee lateral tibia condyle with grade II chondromalacia status post arthroscopy with limitation of motion and the grants of service connection for cervical strain, traumatic brain injury with dysarthria, posttraumatic headaches, and left upper extremity radiculopathy.

2. On September 17, 2018, the Veteran filed a supplemental claim with respect to the same issues decided in the July 2018 rating decision.

3. On April 16, 2019 and again on June 20, 2019, the Veteran filed decision review requests and selected direct review by the Board of the issues denied in the July 2018 rating decision.

4. A July 2019 rating decision adjudicated the Veteran’s supplemental claim.

CONCLUSION OF LAW

The criteria for dismissal of the appeal have been met. 38 U.S.C. §§ 7104 (a), 7105(d); 38 C.F.R. §§ 20.104 (c), 3.2500 (b). 

 

REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veteran served on active duty from September 1983 to September 1992. 

On September 17, 2018, the Veteran filed a decision review request form seeking a supplemental claim on the issues adjudicated in the July 2018 rating decision.

Subsequently, on April 16, 2019 and again on June 20, 2019, the Veteran timely appealed the July 2018 rating decision to the Board and requested direct review of the evidence considered by the AOJ for all issues denied.

Generally, a veteran cannot file a supplemental claim while simultaneously pursuing any other form of review for the same issue. 38 C.F.R. § 3.2500 (b). Nonetheless, the AOJ accepted the Veteran’s request, and adjudicated the supplemental claim in a July 2019 rating decision. 

The July 2019 rating decision constitutes a decision review on those issues from the July 2018 rating decision. As the Board cannot review the same decision, the appeal as to those issues must be dismissed.

 

 

P.M. DILORENZO

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Department of Veterans Affairs

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.